[Cite as *Popp v. Patel*, 2016-Ohio-559.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DANNY POPP, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 BE 14 |
| V. | ) | |
| | ) | OPINION |
| ARVIND PATEL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Belmont County Court
                              Northern Division of Belmont County,
                              Ohio
                              Case No. 14CV100219

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellee         No brief filed

For Defendant-Appellant        Arvind Patel, Pro-se
                               51659 National Road East
                               St. Clairsville, Ohio 43950


JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: February 8, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant, Arvind Patel, appeals from a Belmont County Northern Division Court judgment in favor of plaintiff-appellee, Danny Popp, on appellee's claim for breach of contract.

{¶2} Appellee is an architect hired by appellant to perform work on hotel rooms at The Knights Inn in Wheeling, West Virginia. According to appellant, he has a minority interest in Nalini, LLC, which owns The Knights Inn. Appellant acknowledges that he entered into an agreement with appellee to perform work at The Knights Inn, but claims he was not acting in his personal capacity. Appellee submitted a proposal to appellant, but appellant never signed it. But appellant did issue a $900 check to appellee as an initial payment for the work. The check was written from a business called AMU and ANU, Inc.

{¶3} Appellee filed a complaint against appellant in small claims court seeking reimbursement for work he performed at The Knights Inn. The complaint alleged that appellant owed appellee $976.46, plus interest.

{¶4} Appellant filed a motion to dismiss on June 16, 2014. The motion asserted (1) the Belmont County Northern Division Court was an improper venue to bring this action, (2) appellant did not sign the contract at issue, (3) all actions undertaken by appellant were in his capacity as an officer of The Knights Inn, and (4) appellant is not an appropriate party because appellee's dealings were with DDP & Associates and not appellant personally.

{¶5} On June 19, 2014, a judgment entry was filed dismissing the case without prejudice.

{¶6} On July 2, 2014, appellee sent a letter to the court asking what his recourse might be now that the court had dismissed his case. A copy of this letter was not served on appellant.

{¶7} On July 7, 2014, the trial court put on a judgment entry stating the case "was dismissed incorrectly, due to Court error." The judgment entry set the motion to dismiss for a hearing.

{¶8} After the hearing, the trial court denied appellant's motion to dismiss. It

noted that appellant resided in Belmont County and appellee had both Belmont County and Franklin County addresses. The court further noted that it had no other evidence before it. The court then set the matter for trial.

{¶9} Appellant filed a notice of appeal from the court's judgment denying his motion to dismiss. But this court dismissed the appeal for lack of a final appealable order. See *Popp v. Patel*, 7th Dist. No. 14 BE 43 (October 24, Judgment Entry).

{¶10} The matter proceeded to a bench trial where both parties appeared pro se. The court listened to testimony from both parties. It then made the following findings. The parties entered into a contract. Although appellant did not sign the contract, it was clear the parties reached an agreement that appellee would provide architect services to appellant. The agreement provided for up to $2,300 to be paid. Appellant had already paid $1,220 to appellee. Appellant testified that appellee never finished the job, that the agreement amount of up to $2,300 did not match the amounts appellee sought, he never signed the contract, and he never received any receipts. The trial court found that appellant could be held personally responsible for the debt owed to appellee. Therefore, the trial court awarded appellee $976.46, plus interest from the date of judgment.

{¶11} Appellant filed a timely notice of appeal. He is still acting pro se and now raises three assignments of error for our review.

{¶12} Appellant's first assignment of error states:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS, AND IN FINDING AGAINST APPELLANT, BECAUSE APPELLANT IS PROTECTED FROM ANY LIABILITY FOR CONTRACTS TAKEN ON BEHALF OF A BUSINESS BY THE FIDUCIARY SHIELD DOCTRINE.

{¶13} The trial court found that appellant was personally liable for the money owed to appellee. In its judgment entry, the trial court found that the proposal, which appellant never signed, named appellant personally. All invoices were sent to

appellant personally. And appellee's action was filed against appellant personally. The court went on to find that appellant never provided any documentation that his corporation actually existed. It stated the only documentation the court received that could indicate the existence of appellant's corporation was one of checks that was issued to appellee, which was issued by AMU and ANU, Inc. The court also stated that appellant did not raise this issue until closing arguments.

**{¶14}** Appellant argues that he, on behalf of his business, hired appellee to perform work at The Knights Inn. He claims that all actions that he undertook were in his capacity as an officer of Nalini LLC, dba The Knights Inn. He states that he is an officer of Nalini LLC. Appellant points out that appellee never challenged the existence of his corporation. Appellant also points out that a check that he wrote to appellee was from another one of his corporations, AMU and ANU, Inc., and not from him personally. Appellant notes that appellee acknowledged appellant never signed the proposal. And appellant states that he raised this issue well before closing arguments. He notes that he raised this issue in his motion to dismiss, which the court ruled upon prior to trial. Appellant argues that, for all of the above reasons, the fiduciary shield doctrine protects him from individual liability in this case.

**{¶15}** Initially, we note appellant is correct in stating that he did raise the issue that he could not be personally liable on any debt owed to appellee prior to closing arguments. In fact, he raised it in his motion to dismiss as one of the bases for dismissal. He also raised it at the beginning of the trial. (Tr. 6). Therefore, the trial court was incorrect in stating that appellant did not raise this issue until his closing argument.

**{¶16}** Appellant's argument here is basically a weight of the evidence argument. He claims there is no evidence that he was personally liable on any debt owed to appellee.

**{¶17}** The civil manifest weight of the evidence standard provides that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the

manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. The reviewing court is obliged to presume that the findings of the trier of fact are correct. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81, 461 N.E.2d 1273 (1984). This presumption arises in part because the fact-finder occupies the best position to watch the witnesses and observe their demeanor, gestures and voice inflections and to utilize these observations in weighing credibility. *Id.* at 80. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Id.* at 81.

{¶18} At trial, appellee testified that he had worked on several projects in the past for appellant and appellant wanted him to do some work for "his hotel" in Wheeling. (Tr. 7). Appellee stated that he and appellant discussed issues dealing with updating kitchenette units and with sprinkler heads in the hotel rooms. (Tr. 7-8). Appellant told appellee to proceed and appellee had some further communication with one of appellant's "subordinates." (Tr. 8). Appellant then asked appellee to make some other improvements in the units. (Tr. 8). Appellee submitted a proposal to appellant personally. (Plaintiff Ex.). Appellant never signed the proposal. (Tr. 9). But appellant did pay appellee a deposit check of $900. (Tr. 9; Plaintiff Ex.). The check was written on an account for AMU and ANU, Inc. and was signed by appellant. (Tr. 13; Plaintiff Ex.). Appellee testified that he performed the work set out in the proposal. (Tr. 9). Appellee stated that after appellant learned he would have to put in sprinklers, however, he told appellee he would not pay him the balance owed. (Tr. 10).

{¶19} Appellant testified that he believed the price was lower than what appellee was claiming. (Tr. 31). Moreover, he stated appellee never finished the job. (Tr. 31). And appellant stated, to which appellee agreed, that he also paid another $320 to appellee. (Tr. 38). Appellant stated that his son issued that check to

appellee. (Tr. 38).

**{¶20}** As can be seen, the evidence demonstrates that appellant and appellee engaged in some negotiations. Appellee also communicated with appellant's "subordinate." And appellee gave a written proposal to appellant naming him personally. Appellant did not sign the proposal but did provide the initial deposit of $900 for appellee to start on the work. Appellant issued the deposit in the form of a check written on AMU and ANU, Inc.'s account. Appellant's son also made a payment to appellee.

**{¶21}** Appellant contends that he is not personally liable to appellee because he was acting as a shareholder in Nalini, LLC, dba The Knights Inn. But there was no mention whatsoever at trial regarding Nalini. The name was never brought up. Moreover, the deposit check that appellant issued to appellee, which appellant used to demonstrate he was not acting in his personal capacity, was written on AMU and ANU, Inc.'s account. And there was no testimony tying AMU and ANU, Inc. to Nalini or The Knights Inn. Thus, there was no evidence that Nalini contracted with appellee or that appellant contracted with appellee in his capacity as an officer of Nalini. Moreover, appellant stated that his son issued a second check to appellee in the amount of $320 for work done. Since there is no testimony tying appellant's son to Nalini or AMU and ANU, appellant's son's payment to appellee tends to show that appellant contracted with appellee in his personal capacity.

**{¶22}** Based on the above, there is "some" competent, credible evidence to support the court's finding that appellant was personally liable to appellee. Accordingly, appellant's first assignment of error is without merit.

**{¶23}** Appellant's second assignment of error states:

> THE TRIAL COURT ERRED IN REVERSING THE DISMISSAL
> OF THE CASE AND SCHEDULING THE MOTION TO DISMISS FOR
> HEARING PURSUANT TO APPELLEE'S INAPPROPRIATE EX
> PARTE LETTER AFTER THE MOTION TO DISMISS HAD ALREADY
> BEEN GRANTED. FURTHER, THE EX PARTE LETTER WAS NOT

SERVED UPON APPELLANT AND NO CERTIFICATE OF SERVICE WAS ATTACHED.

**{¶24}** Appellant filed a motion to dismiss on June 16, 2014. The motion was granted just three days later. The judgment entry granting the motion contained a stamp of the judge's signature.

**{¶25}** On July 2, 2014, the court received a letter from appellee asking what his recourse might be now that his lawsuit had been dismissed. On July 7, 2014, the trial court put on a judgment entry stating the case was "dismissed incorrectly, due to Court error." The judgment entry set the motion to dismiss for a hearing.

**{¶26}** After the hearing, the court entered a judgment denying the motion to dismiss. It did not address at this time why it had originally granted the motion. But in its judgment entry following the trial, the court stated: "The Court's Clerk inadvertently put on an entry dismissing the action on 6/19/14. This was in error as the Plaintiff had not had an opportunity to respond."

**{¶27}** Here appellant argues that appellee sent an ex parte letter to the court, which led to the court reversing its decision to dismiss the complaint. Appellant points out that appellee's letter was not accompanied by a certificate of service and he was not served with a copy of it. He asserts this letter should be stricken from the record and the trial court's judgment dismissing the complaint should be reinstated.

**{¶28}** Appellant's motion to dismiss, although not titled as such, was a motion to dismiss under Civ.R. 12(B)(2) and (3). Civ.R. 12(B)(2) provides for a motion to dismiss for lack of jurisdiction over the person and Civ.R. 12(B)(3) provides for a motion to dismiss for improper venue.

**{¶29}** Pursuant to Belmont County Local Rule 6.2, a party has 14 days from either the date of filing a motion or the date of service of the motion, whichever is later, to file an answer brief in opposition to the moving party's motion. Pursuant to Civ.R. 6(E), the mailbox rule, when a motion has been served by mail, the party is afforded an additional three days to respond.

**{¶30}** In this case, appellant filed his motion to dismiss on June 16, 2014.

The certificate of service attached to the motion indicates that a copy was mailed to appellee that same day. Thus, pursuant to Local Rule 6.2 and Civ.R. 6(E), appellee had until July 3, 2014, to respond to appellant's motion to dismiss.

{¶31} But the court granted the motion and dismissed the case on June 19, 2014, just three days after it was filed. Thus, appellee was never given his opportunity to respond to the motion. Appellant sent a letter to the court filed on July 2, 2014, seeking inquiry into what his recourse might be now that his case was dismissed. It seems that this letter brought to the court's attention the fact that the case had been dismissed just three days after appellant filed his motion to dismiss. The court then set the matter for a hearing on the motion, which both parties attended. Given these circumstances, the trial court properly corrected its error of granting the motion to dismiss before giving appellee a chance to respond. And although appellant was not served with a copy of appellee's letter, he was informed of and attended the hearing on the motion to dismiss.

{¶32} Accordingly, appellant's second assignment of error is without merit.

{¶33} Appellant's third assignment of error states:

THE TRIAL COURT ERRED BECAUSE IT DISPLAYED AN UNPRECEDENTED LEVEL OF BIAS AGAINST THE APPELLANT BY ESSENTIALLY LITIGATING THE PLAINTIFF'S CASE FOR HIM AND BASING ITS JUDGMENT ON SAME.

{¶34} In its judgment entry, the court found that appellee never provided any documentation that his corporation actually existed. It stated that no motion was filed by appellant, nor was any further information provided documenting that a valid corporation existed.

{¶35} In his final assignment of error, appellant argues that the court erred in finding that he did not provide any documentation that his corporation actually existed. He notes that appellee never challenged the validity of his corporation. Appellant asserts that his testimony, along with the fact that he paid appellee with a

corporate check, should be more than enough to establish a legitimate corporation since appellee never contested it. Appellant asserts the court demonstrated bias against him by deciding this case based on an issue that appellee did not even argue.

{¶36} The trial court made unnecessary findings regarding appellant's corporation. Whether appellant's corporation existed does not impact the conclusion that the court's judgment was supported by some competent, credible evidence finding appellant personally liable to appellee. As discussed above, one check issued to appellee from appellant was written from AMU and ANU, Inc.'s account. The other check issued to appellee on appellant's behalf was from appellant's son. The entity appellant asserts appellee was dealing with is Nalini, LLC dba The Knights Inn. But there is no evidence that this entity had any dealings with appellee or that appellant represented to appellee that he was acting on Nalini's behalf. Nalini is never mentioned at the trial. Therefore, the trial court's statements that appellant never provided documentation that his corporation existed were unnecessary. But they do not affect the judgment in this case.

{¶37} Accordingly, appellant's third assignment of error is without merit.

{¶38} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.